## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

**BRIANNA WESTMORELAND,**
    **Plaintiff,**

v.                                          **CASE NO.** 3:21-cv-00408

**TACO BELL of AMERICA, LLC**
**and SUN CULINARY, LLC,**

    **Defendants.**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. 1441(a), Defendant, Sun Culinary, LLC, (hereinafter "Sun Culinary"), by counsel, has removed the above-captioned action from the Circuit Court of Cabell County, West Virginia to the United States District Court for the Southern District of West Virginia. As grounds for removal, Sun Culinary states as follows:

**I.   NATURE OF REMOVED ACTION**

1. The removed case is a civil action filed on June 24, 2021, in the Circuit Court of Cabell County, West Virginia, Civil Action No. 21-C-91 and captioned *Brianna Westmoreland v. Taco Bell of America, LLC and Sun Culinary, LLC*. In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet is attached hereto as "Exhibit A," and a copy of all process, pleadings and orders served in the State Court Civil Action are attached hereto as "Exhibit B."

2. In the Amended Complaint, Plaintiff names Sun Culinary, LLC and Taco Bell of America, LLC.[1]

3. Plaintiff served Sun Culinary, LLC on June 27, 2021.

---

[1] Per Plaintiff's Amended Complaint, it is anticipated that Taco Bell of America, LLC will be dismissed.

4837-1400-6257.1

4. No defendant has filed any responsive pleadings in the Circuit Court of Cabell County, West Virginia.

5. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts have original jurisdiction." *See* 28 U.S.C. § 1441(a).

6. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." See 28 U.S.C. § 1332(a).

7. As set forth below, because the matter in controversy in this case exceeds $75,000, exclusive of interest and costs, in value, and because the case arises between citizens of different states it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

8. Taco Bell of America, LLC consents to the removal of this action.

9. In removing this matter to this Court, Sun Culinary does not intend to waive any defenses it has to the action, including but not limited to, personal jurisdiction and venue.

## II. TIMELINESS OF REMOVAL

10. In accordance with 28 U.S.C. § 1446(b), this *Notice of Removal* is filed within thirty (30) days after the receipt by Sun Culinary, through service or otherwise, of a copy of the Amended Complaint, upon which it was first ascertained that this case is one which is or has become removable based on complete diversity pursuant to 28 U.S.C. § 1332(a).

## III. VENUE IS PROPER

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the Southern District of West Virginia, Huntington Division.

## IV. BASIS OF REMOVAL

12. Pursuant to 28 U.S.C. § 1332(a), the United States District Court for the Southern District of West Virginia has jurisdiction over this matter because: (1) there exists complete diversity between Plaintiff and the named Defendants and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

13. The Plaintiff in this claim is a resident of the State of West Virginia. *See Amend. Compl.*, ¶ 1. Defendant, Sun Culinary, LLC, is a Kentucky corporation with its principal place of business in Louisa, Kentucky. *See Compl.*, ¶ 3. Further, all members of Sun Culinary, LLC are residents of Kentucky. *See* Exhibit C.

14. The amount in controversy exceeds the jurisdictional minimum of $75,000.

15. To ascertain the amount in controversy, this Court must consider the plaintiff's causes of action as alleged in the Amended Complaint, the notice of removal filed with this Court, and other relevant materials in the record. *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F.Supp.2d 729, 731 (N.D.W. Va. 2005) (citing 14C Charles Allen Wright Arthur R. Miller, *Federal Practice and Procedure*, § 3725 at 73 (3d ed. 1998)). Indeed, this Court is not required to "leave the common sense behind" when determining the amount in controversy. *Asbury-Castro*, 352 F.Supp.2d at 731 (citing *Mullens v. Harry's Mobile Homes*, 861 F.Supp. 22, 24 (S.D.W. Va. 1994)).

16. The Amended Complaint alleges that Defendant treated Plaintiff disparately, due to her race, and that such treatment "fostered a hostile work environment that caused Plaintiff to resign her employment." See generally *Amend. Compl.*

17. Count One, as set forth in Plaintiff's Amended Complaint, alleges racial discrimination and hostile work environment, a violation of the West Virginia Human Rights Act.

*See Amend. Compl.*, ¶¶ 25-34. As a result of the alleged violation, Plaintiff asserts that she has suffered "substantial damages." *See Amend. Compl.*, ¶ 34.

18. Count Two, as set forth in Plaintiff's Amended Complaint, alleges negligent supervision and retention and seeks compensatory damages. *See Amend. Compl.*, ¶¶ 35-38.[2]

19. The Amended Complaint prays for judgment against Defendant for the following damages: lost wages, lost compensation and fringe benefits; compensatory damages for annoyance, inconvenience, embarrassment, humiliation, and distress; and punitive damages. *See Amend. Compl.*, p. 6.

20. Additionally, Plaintiff requests attorneys' fees, costs and interest on the judgment. *Id.*

21. It is well established that "[t]he amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp.2d at 733 (citing *Hutchins v. Progressive Palvorde Ins. Co.*, 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002)).

22. It is worth noting that West Virginia Code § 55-7-29, which would govern Plaintiff's award of punitive damages in this case, provides that a plaintiff may be awarded an amount of punitive damages up to $500,000 or four (4) times the amount of compensatory damages. W. Va. Code § 55-7-29 (2019).

23. It is further important to note that the Plaintiff's statutory right to an award of attorneys' fees, should she prevail, is to be considered and calculated into this Court's determination of whether the amount in controversy has been met. *See, e.g., Thomas v. FIA Card Servs. N.A.*, 2014 U.S. Dist. LEXIS 141009 (N.D.W. Va. Oct. 2, 2014); *Dunlap v. Green Tree Servicing, LLC*, 2005 U.S. Dist. LEXIS 32485 (S.D.W. Va. Nov. 28, 2005).

---

[2] Plaintiff's Amended Complaint improperly numbers paragraphs 37 and 38.

24. Thus, even without specific allegations related to Plaintiff's actual earnings contained in the Amended Complaint, it is clear that if Plaintiff prevailed on the merits of the case as alleged in the Amended Complaint, the amount in controversy exceeds $75,000.

25. Given the significance of the damages sought in this matter, including punitive damages, and the plaintiff's statutory right to an award of attorneys' fees should she prevail, the requisite amount in controversy in this matter is easily surpassed. Sun Culinary has thus met its burden of demonstrating that the amount in controversy exceeds the jurisdictional limit.

26. Accordingly, this case is properly removable to this Court under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a).

27. Sun Culinary submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff.

28. All defendants have consented to the removal of this action.

WHEREFORE, for the reasons stated herein, Sun Culinary removes this action now pending in the Circuit Court of Cabell County, West Virginia, Civil Action No. 21-C-91, to this Honorable Court.

Dated this 21st day of July, 2021.

        **SUN CULINARY, LLC**

        **By Counsel:**

        /s/Matthew A. Nelson
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        Matthew A. Nelson (WVSB # 9421)
        Celeste Webb-Barber (WVSB # 10624)
        707 Virginia Street East, Suite 1400
        Charleston, West Virginia 25301
        (304) 553-0166/(304)932-0265 (fax)
        *Matt.Nelson@lewisbrisbois.com*
        *Celeste.Webb-Barber@lewisbrisbois.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BRIANNA WESTMORELAND,**
    **Plaintiff,**
v.                                                CASE NO._____

**TACO BELL of AMERICA, LLC**
**and SUN CULINARY, LLC,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Matthew A. Nelson, do hereby certify that on this 21st day of July, 2021, the foregoing **"NOTICE OF REMOVAL"** was served on counsel of record by placing true and exact copies of same in the United States Mail, postage prepaid, as follows, and was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to, and constitutes service on:

        Hoyt Glazer, Esquire
        Glazer Saad Anderson L.C.
        P.O. Box 1638
        Huntington, WV 25717

        */s/Matthew A. Nelson*
        Matthew A. Nelson (WVSB # 9421)
        Celeste Webb-Barber (WVSB # 10624)
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        707 Virginia Street East, Suite 1400
        Charleston, West Virginia 25301
        (304) 553-0166/(304)932-0265 (fax)
        *Matt.Nelson@lewisbrisbois.com*
        *Celeste.Webb-Barber@lewisbrisbois.com*