# EXHIBIT B

IN THE CIRCUIT COURT OF _____ **CABELL** _____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | **Case No.** 21-C-91 |
| Briana Westmoreland | **Judge:** /s/ GREGORY L. HOWARD, JR. |
| Glazer Saad Anderson L.C. | |
| 320 Ninth St. Ste. B., Huntington, WV 25701 | |

**vs.**

| | Days to Answer | |
|---|---|---|
| **Defendant(s)** | | **Type of Service** |
| Taco Bell of America, LLC | 20 | Certified Mail |
| Name | | |
| c/o CT Corporation System | | |
| Street Address | | |
| 5400 D Big Tyler Road, Charleston, WV 25313 | | |
| City, State, Zip Code | | |

COPY

FILED 2021 MAR -2 PM 12: 27 CIRCUIT CARBELL CO. CLERK JEFF HOOD

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [x] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 03 / 2022

| **IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?** [ ] Yes [x] No | **IF YES, PLEASE SPECIFY:** |
|---|---|
| | [ ] Wheelchair accessible hearing room and other facilites |
| | [ ] Reader or other auxiliary aid for the visually impaired |
| | [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing |
| | [ ] Spokesperson or other auxiliary aid for the speech impaired |
| | [ ] Foreign language interpreter-specify language: _____ |
| | [ ] Other: _____ |

| | Representing: |
|---|---|
| Attorney Name: Hoyt Glazer | [x] Plaintiff  [ ] Defendant |
| Firm: Glazer Saad Anderson L.C. | [ ] Cross-Defendant  [ ] Cross-Complainant |
| Address: 320 Ninth St., Ste. B, Huntington, WV 25701 | [ ] 3rd-Party Plaintiff  [ ] 3rd-Party Defendant |
| Telephone: (304) 522-4149 | |
| [ ] **Proceeding Without an Attorney** | |

Original and __2__ copies of complaint enclosed/attached.

Dated: 03 / 01 / 2021     Signature: _____

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**     Revision Date: 12/2015

# IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

**BRIANNA WESTMORELAND,**

    **Plaintiff,**

                                CIVIL ACTION NO. 21-C-91

                                JUDGE    **/s/ GREGORY L. HOWARD, JR.**

**v.**

**TACO BELL OF AMERICA, LLC,**

    **Defendant.**

**Defendant.**

## SUMMONS

To the above-named DEFENDANT:    Taco Bell of America, LLC
                                      5400 D Big Tyler Road
                                      Charleston, WV 25313

      IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Hoyt Glazer, Plaintiff's attorney**, whose address is: **GLAZER SAAD ANDERSON L.C., P.O. Box 1638, Huntington, WV 25717** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within twenty (20) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED: _____**MAR 0 2 2021**_____ 2021

                                  **/s/ JEFFREY E. HOOD**
                                  Clerk of Court

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

**BRIANNA WESTMORELAND,**

     **Plaintiff,**             **CIVIL ACTION NO.** 21-C-91

                           **JUDGE** /s/ GREGORY L. HOWARD, JR.

**v.**

**TACO BELL OF AMERICA, LLC,**

     **Defendant.**

COPY            FILED

### COMPLAINT

Your Plaintiff, by her counsel, Hoyt Glazer, Esq. of Glazer Saad Anderson L.C. files this

legal action against the Defendant, Taco Bell of America, LLC. Your Plaintiff seeks redress and

remedy arising from the Defendant's deliberate failure to comply with the provisions of the West

Virginia Human Rights Act, and the public policy and common law of the State of West Virginia

prohibiting illegal discrimination and retaliation. Ms. Westmoreland requests a jury trial and

relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

### PARTIES

1. The Plaintiff, Ms. Westmoreland is a resident of Cabell County, West Virginia who
   worked for the Taco Bell located at Kinetic Park in Huntington, West Virginia.

2. Defendant Taco Bell of America, LLC is a foreign corporation licensed to do business in
   the state of West Virginia. Defendant operates numerous fast food locations throughout
   West Virginia, including several in the Huntington, West Virginia area.

3. At all times alleged, Defendant employed Ms. Westmoreland.

1

4. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction and venue over the claims asserted here under Article VIII, § 6 of the West Virginia Constitution and West Virginia Code § 56-1-1.

## FACTS

6. On or about December 9, 2020, Defendant hired Ms. Westmoreland at its store in Kinetic Park.

7. Ms. Westmoreland is an African-American female.

8. Ms. Westmoreland signed several papers acknowledging that Defendant has an anti-discrimination policy, and explaining that she could report discrimination she experienced on her job to Defendant's human resources department.

9. Immediately after Plaintiff's hire, Ms. Westmoreland suffered several incidents of racial discrimination.

10. In specific, while Ms. Westmoreland was taking a customer's order, a white employee began harassing Ms. Westmoreland about her performance.

11. Ms. Westmoreland immediately reported this incident to the Defendant's general manager.

12. The general manager took no action on Ms. Westmoreland's report.

13. The next incident involved the same, white co-worker who purposely struck Ms. Westmoreland's leg with a cabinet drawer.

2

14. Ms. Westmoreland timely reported the aforementioned incident to the same general manager.

15. The general manager again took no action on Ms. Westmoreland's report.

16. On or about January 21, 2021, while Ms. Westmoreland was taking a customer's order, the aforementioned, white co-employee interrupted Ms. Westmoreland and demanded she give her five dollars. As Ms. Westmoreland attempted to take the customer's payment, the white co-employee aggressively demanded "Bitch, give me the f*cking money!"

17. Ms. Westmoreland responded that she could not give her the customer's money, and told the general manager about the incident. As Ms. Westmoreland explained the situation, the aforementioned, white co-worker repeatedly called Ms. Westmoreland a "Bitch" and then grabbed some scissors and threatened to stab Ms. Westmoreland with the scissors.

18. Given the Defendant's failure to remedy Ms. Westmoreland's previous reports of discrimination and/or hostile work environment, the physical assault on her by the white co-worker forced her to resign her employment.

19. Since her employment has ended, Ms. Westmoreland has been unable to find suitable, gainful employment, and seeks relief as provided for in the below prayer.

20. As a direct and proximate result of Defendant's conduct, Ms. Westmoreland has suffered lost wages and benefits, lost retirement benefits, emotional distress, humiliation, embarrassment and ridicule, and other compensatory and general damages.

**COUNT ONE: RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT**

21. Plaintiff incorporates the previous paragraphs by reference.

3

22. Throughout her employment, the Plaintiff met applicable job qualifications, was qualified for the position that she held, and performed the job in a manner that fully met the Defendant's legitimate expectations.

23. The Defendant treated white employees more favorably than Ms. Westmoreland based on their race.

24. On information and belief, the Defendant has responded timely and/or remedied reports of hostile treatment by white employees.

25. The Plaintiff's race was a motivating factor in the Defendant's failure to respond to her reports alleging a hostile work environment and/or provide her a safe work environment.

26. But for the Plaintiff's protected status as an African-American, the Defendant would not have created/fostered a hostile work environment for Ms. Westmoreland.

27. The conditions the Defendant fostered for Ms. Westmoreland were unwelcome, severe, and/or pervasive.

28. The Defendant fostered a hostile work environment that caused Plaintiff to resign her employment.

29. Defendant's refusal to remedy Plaintiff's reports of harassment resulted from Plaintiff's race, and constitutes malice and with reckless indifference to Plaintiff's rights under the West Virginia Human Rights Act and Plaintiff's emotional and physical condition.

30. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial damages. Wherefore, Plaintiff requests relief as provided in the prayer.

### COUNT TWO: NEGLIGENT SUPERVISION AND RETENTION

31. Plaintiff reincorporates her allegations

4

32. Defendant was negligent in several aspects, including but not limited to the following
facts:

a.       Failing to properly interview, evaluate and respond to Ms. Westmoreland's reports
about the white co-employee;

b.       Failing to properly supervise and monitor the white, employee who threatened Ms.
Westmoreland; and

c.       Failing to remove the white employee from the same shift(s) as Ms. Westmoreland
when it became apparent that she was actively engaging in inappropriate, abusive and threatening
behavior against Plaintiff

33. Defendant had an affirmative duty to properly investigate the background of its
employees prior to providing employment. Upon information and belief, Defendant breached said
duty by negligently hiring and/or retaining the aforementioned white employee after it learned she
had engaged in abusive behavior against Ms. Westmoreland.

34. As a direct and proximate result of the Defendants' aforesaid actions, Plaintiff is
entitled to compensatory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Briana Westmoreland requests judgment against the Defendant
as follows:

On all Counts, grant Plaintiff actual damages for lost wages (front and back pay) lost
compensation and fringe benefits in an amount to be determined by a jury;

5

On all Counts, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress suffered by her as a direct and proximate result of Defendant's conduct;

On all Counts, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorneys' fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, BRIANA WESTMORELAND
By Her Counsel,


Hoyt Glazer, Esq. (WV Bar #6479)
Glazer Saad Anderson L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304.522.4149
F. 800.879.7248
hoyt@gsalaw-wv.com

6

STATE OF WEST VIRGINIA

COUNTY OF CABELL, TO-WIT:

## VERIFICATION

    I, Briana Westmoreland, after being duly sworn, say that the facts and allegations contained in my Complaint are true, except insofar as they are therein stated to be upon information and belief, and that insofar as they are therein stated, they are believed to be true.

Briana Westmoreland

Taken, sworn to and subscribed before me this 26th day of February 2021.

My commission expires ___July 13, 2022___

NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
HOYT GLAZER, PLLC
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
My Commission Expires July 13, 2022

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

FILED

2021 JUN 10 AH 9: 04

U.S. HOOD
CIRCUIT CLERK



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
888-767-8683
**Visit us online:**
www.wvsos.com

CABELL COUNTY CIRCUIT COURT
Cabell County Courthouse
P. O. Box 545
Huntington, WV 25710-0545

**Control Number:** 275753

**Defendant:** TACO BELL OF AMERICA, LLC
1627 QUARRIER ST.
CHARLESTON, WV 25311 US

**Agent:** C. T. Corporation System

**County:** Cabell

**Civil Action:** 21-C-91

**Certified Number:** 92148901125134100003129169

**Service Date:** 6/3/2021

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

F I L E D

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

BRIANNA WESTMORELAND,

    **Plaintiff,**

    **CIVIL ACTION NO.** 21-C-91

    **JUDGE** /s/ GREGORY L. HOWARD, JR.

**v.**

**TACO BELL OF AMERICA, LLC,**

    **Defendant.**

                  **Defendant.**

                  **SUMMONS**

To the above-named DEFENDANT:    Taco Bell of America, LLC
                            5400 D Big Tyler Road
                            Charleston, WV 25313

        IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and

are required to serve upon **Hoyt Glazer, Plaintiff's attorney,** whose address is: **GLAZER SAAD**

**ANDERSON L.C., P.O. Box 1638, Huntington, WV 25717** an answer, including any related

counterclaim, or any other claim you may have to the complaint filed against you in the above-

styled civil action, a true copy of which is herewith delivered to you. You are required to serve

your answer within twenty (20) days after service of this summons upon you, exclusive of the date

of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim, or any other claim in the above-

styled action.

DATED: _____**MAR 0 2 2021**_____ 2021

                            /s/ JEFFREY E. HOOD

                            Clerk of Court

Civil Action Number          21-C-91

Package Identification Code  921489011251341000031229169          FILED

Signature Downloaded         6/14/2021 6:01:56 AM

Defendant Name               TACO BELL OF AMERICA, LLC          2021 JUN 15  AM 11: 05

 **UNITED STATES**
**POSTAL SERVICE.**                                          J. E. HOOD
                                                            CIRCUIT CLERK
                                                            CABELL CO. WV

Date Produced: 06/14/2021

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0003 1291 69. Our records indicate that this item was delivered on 06/08/2021 at 02:01 a.m. in CHARLESTON, WV 25321. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:      312916

**IN THE CIRCUIT COURT OF** _____ **CABELL** _____ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | **Case No.** 21-C-91 |
| Brianna Westmoreland | **Judge:** |
| Glazer Saad Anderson L.C. | |
| 320 Ninth St. Ste. B., Huntington, WV 25701 | |

**vs.**

**Defendant(s)**

Taco Bell of America, LLC and Sun Culinary

Name

~~PO Box 27 Louisa KY 41230-0027~~ *(handwritten: PO Box 27 Louisa KY 41230-0027)*

Street Address

~~PO Box 601 Fort Gay, WV 25514~~

City, State, Zip Code

**Days to Answer** 20

**Type of Service** Certified Mail

*(stamp: 2021 JUN 24 PM 3:20   J.E. HOOD CIRCUIT CLERK CABELL CO. WV   FILED)*

---

**II. TYPE OF CASE:**

- [✔] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

---

**III. JURY DEMAND:** [✔] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 03 / 2022

---

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✔] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language:
- [ ] Other:

---

Attorney Name: Hoyt Glazer

Firm: Glazer Saad Anderson L.C.

Address: 320 Ninth St., Ste. B, Huntington, WV 25701

Telephone: (304) 522-4149

[ ] **Proceeding Without an Attorney**

Representing:
- [✔] Plaintiff
- [ ] Cross-Defendant
- [ ] 3rd-Party Plaintiff
- [ ] Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Defendant

---

Original and 2 copies of complaint enclosed/attached.

Dated: 06 / 24 / 2021     Signature: *(signature)*

**SCA-C-100:** Civil Case Information Statement (Other than Domestic Relations)     Revision Date: 12/2015

# IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

**BRIANNA WESTMORELAND,**

      **Plaintiff,**

v.

                                    **CIVIL ACTION NO. 21-C-91**

**TACO BELL OF AMERICA, LLC,**
**and SUN CULINARY, LLC,**

      **Defendants.**

                                    **Defendant.**

## SUMMONS

To the above-named DEFENDANT:      Sun Culinary, LLC and/or its authorized attorney
                                         P.O. Box 27
                                         Louisa, KY 41230-0027

IN THE NAME OF THE STATE OF WEST VIRGINIA: You are hereby summoned and are required to serve upon **Hoyt Glazer, Plaintiff's attorney**, whose address is: **GLAZER SAAD ANDERSON L.C., P.O. Box 1638, Huntington, WV 25717** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within twenty (20) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED: **JUN 2 4 2021** , 2021

                                            *Act Circuit Clerk*

Clerk of Court

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

BRIANNA WESTMORELAND,

     Plaintiff,

v.                          **CIVIL ACTION NO. 21-C-91**

TACO BELL OF AMERICA, LLC
and SUN CULINARY, LLC,

     Defendant.

**FILED**

2021 JUN 24 PM 3: 20

J.E. HOOD
CIRCUIT CLERK
CABELL CO. WV

## AMENDED COMPLAINT

Your Plaintiff, by her counsel, Hoyt Glazer, Esq. of Glazer Saad Anderson L.C. files this legal action against the Defendants, Taco Bell of America, LLC[1] and Sun Culinary, LLC. Your Plaintiff seeks redress and remedy arising from the Defendants' deliberate failure to comply with the provisions of the West Virginia Human Rights Act, and the public policy and common law of the State of West Virginia prohibiting illegal discrimination and retaliation. Ms. Westmoreland requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

## PARTIES

1. The Plaintiff, Ms. Westmoreland is a resident of Cabell County, West Virginia who worked for the Taco Bell located at Kinetic Park in Huntington, West Virginia.

---

[1] Plaintiff anticipates dismissing Taco Bell of America, LLC as a party as soon as Sun Culinary, Inc. files a responsive pleading because Sun Culinary is apparently the real party in interest.

1

2. Defendant Taco Bell of America, LLC is a foreign corporation licensed to do business in the state of West Virginia. Defendant operates numerous fast food locations throughout West Virginia, including several in the Huntington, West Virginia area.

3. Defendant Sun Culinary, LLC is a Kentucky corporation licensed to do business in the state of West Virginia, including Cabell County, West Virginia.

4. When the Plaintiff initially filed her complaint, she believed Taco Bell of America, LLC was the proper party.

5. Since filing her complaint, and on information and belief, Plaintiff amends her complaint to add Sun Culinary as the proper party in interest.

6. Because the complaint as filed names Taco Bell of America, LLC as the Defendant, Plaintiff has retained it in the caption, but all references in this amended complaint to "Defendant" that follow shall refer to Sun Culinary, LLC.

7. At all times alleged, Defendant employed Ms. Westmoreland.

8. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction and venue over the claims asserted here under Article VIII, § 6 of the West Virginia Constitution and West Virginia Code § 56-1-1.

## FACTS

10. On or about December 9, 2020, Defendant hired Ms. Westmoreland at its store in Kinetic Park.

11. Ms. Westmoreland is an African-American female.

2

12. Ms. Westmoreland signed several papers acknowledging that Defendant has an anti-discrimination policy, and explaining that she could report discrimination she experienced on her job to Defendant's human resources department.

13. Immediately after Plaintiff's hire, Ms. Westmoreland suffered several incidents of racial discrimination.

14. In specific, while Ms. Westmoreland was taking a customer's order, a white employee began harassing Ms. Westmoreland about her performance.

15. Ms. Westmoreland immediately reported this incident to the Defendant's general manager.

16. The general manager took no action on Ms. Westmoreland's report.

17. The next incident involved the same, white co-worker who purposely struck Ms. Westmoreland's leg with a cabinet drawer.

18. Ms. Westmoreland timely reported the aforementioned incident to the same general manager.

19. The general manager again took no action on Ms. Westmoreland's report.

20. On or about January 21, 2021, while Ms. Westmoreland was taking a customer's order, the aforementioned, white co-employee interrupted Ms. Westmoreland and demanded she give her five dollars. As Ms. Westmoreland attempted to take the customer's payment, the white co-employee aggressively demanded "Bitch, give me the f*cking money!"

21. Ms. Westmoreland responded that she could not give her the customer's money, and told the general manager about the incident. As Ms. Westmoreland explained the situation,

the aforementioned, white co-worker repeatedly called Ms. Westmoreland a "Bitch" and then grabbed some scissors and threatened to stab Ms. Westmoreland with the scissors.

22. Given the Defendant's failure to remedy Ms. Westmoreland's previous reports of discrimination and/or hostile work environment, the physical assault on her by the white co-worker forced her to resign her employment.

23. Since her employment has ended, Ms. Westmoreland has been unable to find suitable, gainful employment, and seeks relief as provided for in the below prayer.

24. As a direct and proximate result of Defendant's conduct, Ms. Westmoreland has suffered lost wages and benefits, lost retirement benefits, emotional distress, humiliation, embarrassment and ridicule, and other compensatory and general damages.

## COUNT ONE: RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

25. Plaintiff incorporates the previous paragraphs by reference.

26. Throughout her employment, the Plaintiff met applicable job qualifications, was qualified for the position that she held, and performed the job in a manner that fully met the Defendant's legitimate expectations.

27. The Defendant treated white employees more favorably than Ms. Westmoreland based on their race.

28. On information and belief, the Defendant has responded timely and/or remedied reports of hostile treatment by white employees.

29. The Plaintiff's race was a motivating factor in the Defendant's failure to respond to her reports alleging a hostile work environment and/or provide her a safe work environment.

30. But for the Plaintiff's protected status as an African-American, the Defendant would not have created/fostered a hostile work environment for Ms. Westmoreland.

4

31. The conditions the Defendant fostered for Ms. Westmoreland were unwelcome, severe, and/or pervasive.

32. The Defendant fostered a hostile work environment that caused Plaintiff to resign her employment.

33. Defendant's refusal to remedy Plaintiff's reports of harassment resulted from Plaintiff's race, and constitutes malice and with reckless indifference to Plaintiff's rights under the West Virginia Human Rights Act and Plaintiff's emotional and physical condition.

34. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial damages. Wherefore, Plaintiff requests relief as provided in the prayer.

## COUNT TWO: NEGLIGENT SUPERVISION AND RETENTION

35. Plaintiff reincorporates her allegations

36. Defendant was negligent in several aspects, including but not limited to the following facts:

a.    Failing to properly interview, evaluate and respond to Ms. Westmoreland's reports about the white co-employee;

b.    Failing to properly supervise and monitor the white, employee who threatened Ms. Westmoreland; and

c.    Failing to remove the white employee from the same shift(s) as Ms. Westmoreland when it became apparent that she was actively engaging in inappropriate, abusive and threatening behavior against Plaintiff

33. Defendant had an affirmative duty to properly investigate the background of its employees prior to providing employment. Upon information and belief, Defendant breached said

5

duty by negligently hiring and/or retaining the aforementioned white employee after it learned she had engaged in abusive behavior against Ms. Westmoreland.

34. As a direct and proximate result of the Defendants' aforesaid actions, Plaintiff is entitled to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Briana Westmoreland requests judgment against the Defendant as follows:

On all Counts, grant Plaintiff actual damages for lost wages (front and back pay) lost compensation and fringe benefits in an amount to be determined by a jury;

On all Counts, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress suffered by her as a direct and proximate result of Defendant's conduct;

On all Counts, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorneys' fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

## PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.

PLAINTIFF, BRIANA WESTMORELAND
By Her Counsel,

6

Hoyt Glazer, Esq. (WV Bar #6479)
Glazer Saad Anderson L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304.522.4149
F. 800.879.7248
hoyt@gsalaw-wv.com

7

